UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHERYL WARD-PLASTER,**

    **Plaintiff,**

v.                                        **Case No. 8:22-cv-00943-MSS-AAS**

**KILOLO KIJAKAZI,**
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Cheryl Ward-Plaster requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the hearing before the Administrative Law Judge (ALJ), the administrative record, and the parties' briefs, the undersigned recommends the Commissioner's decision be **AFFIRMED.**

**I.**      **PROCEDURAL HISTORY**

Ms. Ward-Plaster applied for SSI on January 29, 2020, alleging a disability onset of April 1, 2015. (Tr. 494–502). Disability examiners denied Ms. Ward-Plaster's application initially and on reconsideration. (Tr. 373–89,

392–416). Following a hearing, the ALJ issued a decision unfavorable to Ms. Ward-Plaster on September 9, 2021. (Tr. 23–43). The Appeals Council denied Ms. Ward-Plaster's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 14–20). Ms. Ward-Plaster now requests judicial review of the Commissioner's decision. (Doc. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.  Background

Ms. Ward-Plaster was forty-six years old on the date of the ALJ's decision. (Tr. 494). Ms. Ward-Plaster has some high school education and past work experience as a cashier and a fast-food worker. (Tr. 524–25).

### B.  Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R § 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she does not

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R § 416.910.

have a severe impairment and is not disabled. 20 C.F.R § 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R § 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R § 416.920(e). At this fourth step, the ALJ determines the claimant's Residual Functional Capacity (RFC).[3] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, she is not disabled. 20 C.F.R § 416.920(g).

The ALJ determined Ms. Ward-Plaster had not engaged in substantial gainful activity since January 29, 2020, her application date. (Tr. 28). The ALJ found Ms. Ward-Plaster has these severe impairments: degenerative disc disease; suboccipital craniectomy; C1-C2 laminectomy due to Chiari malformation; anxiety disorder; and post-traumatic stress disorder. (*Id.*). However, the ALJ concluded Ms. Ward-Plaster's impairments or combination

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R § 416.945(a).

of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 29).

The ALJ found Ms. Ward-Plaster had an RFC to perform light work[4] except:

> [Ms. Ward-Plaster can] lift and carry no more than 20 pounds occasionally and 10 pounds frequently, stand and walk at least 6 hours and sit at least 6 hours in an 8-hour day, occasionally climb ladders, ropes, or scaffolds, frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and should avoid occasional concentrated exposure to noise. [Ms. Ward-Plaster] is able to perform work with no interaction with the public, occasional social interaction with coworkers and supervisors, and occasional changes in work setting.

(Tr. 31).

The ALJ found Ms. Ward-Plaster has no past relevant work. (Tr. 37). Considering Ms. Ward-Plaster's age, education, work experience, RFC, and the testimony of a vocational expert (VE), the ALJ concluded other jobs exist in significant numbers in the national economy that Ms. Ward-Plaster could perform. (Tr. 37). Specifically, the ALJ concluded Ms. Ward-Plaster can

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(6).

4

perform the jobs of classifier, garment sorter, and marker. (Tr. 38). Thus, the ALJ found Ms. Ward-Plaster was not disabled. (*Id.*).

### III. ANALYSIS

#### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted).

Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.  Issues on Appeal

Ms. Ward-Plaster raises two issues on appeal. First, Ms. Ward-Plaster argues the ALJ failed to adequately evaluate the state agency psychological consultants' prior administrative findings. (Doc. 15, pp. 6–8). Second, Ms. Ward-Plaster argues the ALJ relied on the VE's response to an incomplete hypothetical question. (*Id.* at pp. 8–10). In response, the Commissioner argues the ALJ adequately considered the state agency psychological consultants' prior administrative findings and properly relied on the VE's testimony in concluding Ms. Ward-Plaster could perform other work and was not disabled. (Doc. 16, pp. 4–10).

### 1. Whether the ALJ properly considered the state agency psychological consultants' prior administrative findings.

Ms. Ward-Plaster contends the ALJ erred in failing to address all aspects of the state agency psychological consultants' prior administrative findings. (Doc 15, pp. 6–7). Specifically, Ms. Ward-Plaster argues the ALJ failed to

address the finding that Ms. Ward-Plaster would have difficulty accepting instructions from supervisors and responding appropriately to criticism from supervisors. (*Id.*).

State agency psychological consultants Jeannie Nunez, Psy.D. and Brian McIntyre, Ph.D., found Ms. Ward-Plaster has adequate understanding and memory for work related activities. (Tr. 386, 411). Ms. Ward-Plaster has adequate ability to engage in sustained concentration and persistence without significant limitations. (*Id.*). Ms. Ward-Plaster is likely to have moderate difficulties interacting with the public. (Tr. 386, 412). Ms. Ward-Plaster might have moderate difficulties accepting instructions from supervisors and getting along with coworkers but can maintain socially appropriate behavior. (*Id.*). Ms. Ward-Plaster might have moderate difficulties responding appropriately to changes in the work setting but can travel to unfamiliar areas and set goals. (Tr. 387, 413).

The ALJ found the state agency consultative findings and opinions persuasive. (Tr. 36). But finding an opinion persuasive does not mean it is controlling. *See* 20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). And the social security regulations do not require ALJs to adopt into

7

an RFC every part of an opinion they find persuasive. *See* 20 C.F.R. § 416.920c(a); *see also Freyhagen v. Comm'r of Soc. Sec.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, *8 (M.D. Fla. Sept. 26, 2019).

The assessment of a claimant's RFC is within the exclusive province of the ALJ. *See* 20 C.F.R. § 416.946(c); *accord Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive"). An ALJ does not impermissibly assume the role of a doctor by viewing the record evidence as a whole and making an RFC determination. *See Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) ("[T]he ALJ did not 'play doctor' in assessing Mr. Castle's RFC, but instead properly carried out his regulatory role as an adjudicator responsible for assessing Mr. Castle's RFC."). When an ALJ properly evaluates the medical opinion or prior administrative medical finding under the applicable regulations, the only issue is whether substantial evidence supports the RFC finding. *Sesler v. Comm'r of Soc. Sec.*, No. 8:20-cv-2835-DNF, 2021 WL 5881678, at *6 (M.D. Fla. Dec. 13, 2021).

Substantial evidence supports the ALJ's evaluation of Ms. Ward-Plaster's RFC. The ALJ considered Ms. Ward-Plaster's allegations about her level of impairment, both physically and mentally, and found they were

inconsistent with the medical evidence. (Tr. 29–37). The ALJ considered both Mr. Ward-Plaster's complaints and the medical record, which lacked both substance and consistency. (*Id.*). The medical evidence revealed that Ms. Ward-Plaster received "very limited treatment" for her mild spinal abnormalities and, when received, the conservative treatment resulted in significant improvement. (Tr. 34–35). The ALJ also considered Ms. Ward-Plaster's complaints to doctors whereby after May 2020 she reported that "she was working full time as a dishwasher and did not have any pain interfering with usual activities of daily living, ability to feed and wash herself, or her mobility." (Tr. 33.)

As for Mr. Ward-Plaster's mental impairments, the ALJ noted treatment was limited and medical evidence showed a history of anxiety and abnormal "mood" and "presentation" during the relevant period. (Tr. 35). However, Ms. Ward-Plaster generally denied all psychiatric conditions, such as depression and anxiety, during various medical examinations that yielded unremarkable findings. (*Id.*). The ALJ considered Ms. Ward-Plaster's paranoia towards others and weighed that with her ability to cooperate with field office personnel, conduct her daily affairs, and follow instructions. (Tr. 30–31).

Although an ALJ does not have to adopt prior administrative medical findings, the ALJ must still consider this evidence under the Commissioner's

regulations because Federal or State agency consultants are highly qualified and experts in Social Security disability evaluation. 20 C.F.R. § 416.913a(b)(1) (2017) (citing §§ 416.920b, 416.920c, 416.927). The ALJ properly considered the prior administrative medical findings under the regulations and found them persuasive. (Tr. 36). The ALJ then included these limitations in the RFC by limiting Ms. Ward-Plaster to no interaction with the public, occasional social interaction with coworkers and supervisors, and occasional changes in work setting.

"[T]here is no rigid requirement that the [ALJ] specifically refer to every piece of evidence in his decision, so long as" the court can "conclude [that] the [ALJ] considered [the claimant's] medical condition as a whole." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Substantial evidence supports the ALJ's finding that the prior administrative medical findings were persuasive and the RFC assessment sufficiently accounted for Ms. Ward-Plaster's limitations supported by the record. Thus, the undersigned recommends the ALJ's decision be affirmed as to this issue.

### 2. Whether the ALJ improperly relied on the VE's response to an incomplete hypothetical question.

Ms. Ward-Plaster argues the ALJ's hypothetical question posed to the VE failed to adequately account for her possible "moderate difficulties

accepting instructions from supervisors and getting along with coworkers" and therefore did not fully describe her impairments. (Doc. 15, pp. 9–10). Though Ms. Ward-Plaster contends that additional limitations should have been incorporated into the hypothetical question, the ALJ does not have to include within the hypothetical questions limitations unsupported by substantial evidence. *Graham v. Bowen*, 790 F.2d 1572, 1576 (11th Cir. 1986) (holding the ALJ may reject in a hypothetical elements not supported by substantial evidence).

The ALJ concluded Ms. Ward-Plaster had no past relevant work. (Tr. 37). To determine whether Ms. Ward-Plaster could perform other work available in the national economy, the ALJ obtained testimony from a VE. (Tr. 37–38, 65–66); *See* 20 C.F.R. § 416.966(e). In response to a hypothetical question that incorporated Ms. Ward-Plaster's age, education, work experience, and RFC, the VE testified that the hypothetical person could perform the occupations of classifier, garment sorter, and marker. (Tr. 37–38, 65–66).

The ALJ's hypothetical question incorporated the limitations in the ALJ's RFC assessment and the ALJ, therefore, properly relied on the VE's testimony to conclude Ms. Ward-Plaster could perform other work in the national economy and was not disabled. (*Id*.); *See* 20 C.F.R. § 416.1545(a)(3).

Because substantial evidence supports the ALJ's evaluation of the evidence and the RFC and step five findings, the undersigned recommends the court affirm the ALJ's decision.

## IV. CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that the Commissioner's decision be **AFFIRMED.**

**ORDERED** in Tampa, Florida on March 27, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.